IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARTHA A. HURD | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-00122-RAS-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II, and Supplemental Security Income disability benefits under Title XVI of the Social Security Act on October 23, 2006, claiming entitlement to disability benefits due temporomandibular joint syndrome (TMJ), suspected glaucoma, kidney stones, chest pain, depression, panic attacks, and post traumatic stress disorder. Plaintiff's application was denied initially on August 23, 2007, and on reconsideration on December 28, 2007. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on June 17, 2009. Plaintiff was represented by counsel at the proceeding. Also appearing and testifying were Jennifer L. Sullivan, an impartial vocational expert.

On September 24, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, and on January 20, 2010, the Appeals Council issued

an Order affirming the September 24, 2009 decision. Therefore, the September 24, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings**:**

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.

2. The claimant has not engaged in substantial gainful activity since August 5, 2004, the alleged onset date (20 CFR. §§ 404.1571 *et seq*., and 416.971 *et. seq*.).

3. The claimant has the following severe impairments: degenerative disc disease and chronic back pain (20 CFR § 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR. Part 404, Subpart P, Appendix 1 (20 CFR. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as is consistent with the hypothetical question to the vocational expert: The claimant is additionally limited to only occasionally climb stairs, balance, kneel, crouch, crawl, or stoop. The claimant may never climb ladders.

6. The claimant is unable to perform any past relevant work (20 CFR. §§ 404.1565 and 416.965).

7. The claimant was born on October 15, 1967 and was 36 years old, which is defined as a "younger individual age 18-44," on the alleged disability onset date (20 CFR. §§ 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR. §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding

that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* S.S.R. 82-41 and 20 CFR. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 5, 2004 through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 16-25).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable

impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff raises four issues: (1) whether the ALJ failed to give her treating physician's opinion appropriate weight; (2) whether the ALJ failed to pose a hypothetical question to the vocational expert which incorporated all of Plaintiff's relevant impairments; (3) whether the ALJ improperly relied on failure to follow prescribed treatment as a basis for denial; and (4) whether substantial evidence does not support the ALJ's decision because the ALJ failed to fully develop the record regarding her need to alternate between sitting and standing.

The ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 23). Thus, the ALJ proceeded to step five in the sequential evaluation process, where the burden shifts to the Commissioner to show that there is other substantial gainful employment available which Plaintiff is able to perform. *Fraga v. Bowen*, 810 F.2d 1296, 1301-02 (5th Cir. 1987). The Commissioner can utilize vocational expert testimony to meet this burden. *See Perez v. Barnhart*, 415 F.3d 457, 460 (5th Cir. 2005). The ALJ found that Plaintiff's impairments restricted her to sedentary work. (Tr. 19). Sedentary work involves lifting no more than 10 pounds at a time. 20 C.F.R. §§ 404.1567(a), 416.967(a). The vocational expert identified unskilled, sedentary jobs which Plaintiff could perform: table worker (*DOT* occupational code 739.687 - 182; 506,000 nation; 35,000 Texas) and machine feeder (146,000 nation; 4,500 Texas). (Tr. 42). Thus, the Commissioner demonstrated

5

that work exists in the national economy which Plaintiff is able to perform. The ALJ denied Plaintiff's application at step five of the sequential evaluation process. (Tr. 24-25).

First, Plaintiff argues that the ALJ failed to give appropriate weight to her treating physician's opinion. *See* Pl.'s Br. at 10. Plaintiff asserts that her treating physician indicated that she cannot lift items weighing more than 10 pounds for more than 15 minutes per day. *See id.* Plaintiff claims that this limitation falls outside of the category of sedentary work. *See id.* at 11. However, Plaintiff is not correct in this assertion. Sedentary work involves lifting no more than 10 pounds at a time. 20 C.F.R. §§ 404.1567(a), 416.967(a). The limitations that her treating physicians indicated are consistent with the ALJ's determination that Plaintiff is able to perform sedentary work. (Tr. 19). Thus, the ALJ did not fail to give appropriate weight to Plaintiff's treating physician's opinion.

Second, Plaintiff argues that the ALJ failed to pose a hypothetical question to the vocational expert which incorporated all of Plaintiff's relevant impairments. *See* Pl.'s Br. at 11. Plaintiff asserts that the ALJ failed to include the inability to occasionally lift more than 10 pounds. *See id.* However, the ALJ did specify a restriction to sedentary work in one of the hypothetical questions. (Tr. 42). Sedentary work requires lifting no more than ten pounds. 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ posed a hypothetical question to the vocational expert which incorporated all of Plaintiff's relevant impairments. The vocational expert answered affirmatively, testifying that there were sedentary jobs which the Plaintiff could perform. (Tr. 42). The ALJ acknowledged counsel's questioning as to restrictions but found that such restrictions did not apply in the case. The hypothetical question that an ALJ poses to a VE need only incorporate the disabilities that the ALJ recognizes. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). The Plaintiff's counsel had the opportunity to correct any perceived deficiencies. The ALJ was not required to accept the counsel's hypothetical. There is no reversible error. Id.

Third, Plaintiff argues that the ALJ improperly relied on her failure to follow prescribed treatment as a basis for denial. *See* Pl.'s Br. at 12. However, the ALJ did not find that Plaintiff needed to follow prescribed treatment in order to be able to perform sedentary work. (Tr. 19) Although the ALJ does voice some questions about the severity of her symptoms given the fact that Plaintiff failed to follow her treatment orders, the ALJ's opinion in no way expresses that her claim was denied on this basis. Her claim was denied because she is capable of performing sedentary work with the restrictions as noted by the ALJ. In fact the ALJ finds that she has severe symptoms but not to the extent she is disqualified from work.

Finally, Plaintiff argues that substantial evidence does not support the ALJ's decision because the ALJ failed to fully develop the record regarding her need to alternate between sitting and standing. *See* Pl.'s Br. at 13. Plaintiff claims that she needs to alternate between sitting and standing. (Tr. 34). In a report dated April 7, 2005, James A. Ingalls, DC, a chiropractor, stated that Plaintiff "cannot sit comfortably during the history taking and has had to stand up twice, about once every 7 minutes." (Tr. 326).

However, a statement from a chiropractor is not determinative and is not a medical opinion. *See* 20 C.F.R. §§ 404.1513(d)(1), 404.1527(a)(2), 416.913(d)(1), 416.927(a)(2); *see also Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1995) ("the relevant regulations accord less weight to chiropractors than to medical doctors"). As the ALJ noted the records of the chiropractor failed to mention the restrictions the chiropractor gave actually giving few or no restrictions except to keep her off work for three months. . The ALJ accorded greater weight to the opinions of physicians that examined and treated Plaintiff than he accorded to the chiropractor's statement. (Tr. 22). The ALJ relied extensively on the July 2007 consultative examination report of Gordon B. Storm, Jr, MD. (Tr. 21). Dr. Storm observed that the Plaintiff had the ability to stand, sit, move, speak and lift light

7

objects without difficulty. The opinion of an examining physician may constitute substantial evidence. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Thus, there was sufficient evidence for the ALJ to make an informed decision.

Moreover, reversal for failure to fully develop the record is only appropriate if Plaintiff establishes that she was prejudiced. *See Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). To establish prejudice, Plaintiff must show that she could and would have adduced evidence that might have altered the result. *See id*. Plaintiff has not adduced evidence that might have altered the result and thus has failed to show prejudice. *See Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996). Therefore, there is substantial evidence to support the ALJ's decision.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 7th day of June, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE